# -IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| **David Silva, #256479** | ) | |
| | ) | C/A No. 4:08-3666-CMC-TER |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | |
| **Warden Michael McCall; Henry D. McMaster,** | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, David Silva ("petitioner/Silva"), is currently incarcerated at Tyger River Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on November 6, 2008. Respondent filed a motion for summary judgment on April 8, 2009, along with a return, supporting memorandum, and exhibits. The undersigned issued an order filed April 9, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. No response was filed by Petitioner to Respondent's motion for summary judgment. Thus, a Report and Recommendation was entered on June 1, 2009, recommending that this action be dismissed for failure to prosecute pursuant to Rule 41b of the Federal Rules of Civil Procedure. On June 19, 2009, Petitioner filed a motion for extension of time to file a response to Respondent's motion for summary judgment. Therefore, the Honorable Cameron McGowan Currie, United States District Court Judge, entered an Order on June

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

23, 2009, granting the motion for extension, referring the matter back to the undersigned for further pretrial proceedings, and giving Petitioner until July 15, 2009, to file his response to the motion for summary judgment. (Doc. #35). On June 25, 2009, Petitioner filed a document entitled "Petitioner's Objections To The Report and Recommendation" (doc. #39) and has filed no further documents with the court.

## I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been disputed by the Petitioner. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is currently incarcerated in Tyger River Correctional Institution pursuant to an order of commitment from the Clerk of Court of Oconee County. Petitioner was indicted in January 1998 for criminal sexual conduct with a minor first degree. (App. pp. 538-539). N. Gruber Sires, Jr., Public Defender, represented Petitioner on the charge. A jury trial was held March 23-25, 1999, before the Honorable James W. Johnson, Jr. The jury convicted Petitioner as charged. (App. p. 449). The judge sentenced him to twenty-four (24) years imprisonment. (App. p. 461). Petitioner appealed his conviction and sentence.

Robert M. Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense represented Petitioner on appeal. On February 9, 2001, appellate counsel filed a Final *Anders* Brief of Appellant in the South Carolina Court of Appeals and raised the following issue:

> Whether the trial court erred in qualifying the four year old victim as a competent witness under Rule 601, SCRE?

(Anders Brief, p. 3).

Appellate counsel also petitioned to be relieved of appointment. (Anders Brief, pp. 7-8). On or about February 22, 2001, Petitioner filed a Response to Anders Brief by Appellant, and raised the following issues:

    1)    Did the trial court error in qualifying the four year old victim as a competent witness, without consideration that the victim never satisfied the complete "moral accountability" requirements?

    2)    Whether the trial court errored[sic] in not granting the appellant a direct verdict?

(Final Response to Anders Brief, p. III)(errors in original).

On May 23, 2001, the South Carolina Court of Appeals dismissed the appeal and granted appellate counsel's petition to be relieved. State v. Silva, Unpublished Opinion No. 2001-UP-273 (S.C.Ct.App. filed May 23, 2001). Petitioner did not seek certiorari review in the state supreme court. The South Carolina Court of Appeals issued the remittitur on June 25, 2001. Petitioner filed an application for post-conviction relief ("PCR") on August 3, 2001. (App. pp. 462-480). Petitioner raised the following claim of error:

> Applicant contends that he was denied a fair trial in violation of his guaranteed federal constitutional rights under the Fourteenth Amendment Section One and South Carolina's Constitutional Article I, Section Three; when the trial court violated the South Carolina Constitution Article Five (V), Section Twenty One (XXI).

(App. p. 466).

In support of error, Petitioner argued:

> At Applicants March 23, 1999 jury trial the judges "Supplemental Jury Charge" violated Applicant's Constitutional Rights. (S.C. Const. Art. V, § 21). See Tr. p. 440 Line 4 Thru Tr. p. 446, Lines 1- 14.

(App. p. 468).

The State made its return to the application on November 6, 2002. (App. pp. 486-492). A hearing on the allegation was held January 31, 2003, before the Honorable J. C. Nicholson, Jr. Bradley Norton, Esq., represented Petitioner in the action. After hearing argument from counsel, including argument that counsel was ineffective for failing to object to the supplemental charge, (App. p. 510), the PCR judge requested memoranda and took the matter under advisement. (App. pp. 518-522). On January 18, 2005, the PCR judge issued an order that treated the issue as one of ineffective assistance of counsel for failing to object to the supplemental instruction, and denied relief. (App. pp. 526-534). Petitioner appealed the denial of relief.

Scott D. Robinson, Esq., represented Petition on appeal. Appellate counsel filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on March 17, 2006, and raised the following issue:

> Did the circuit court err in holding that petitioner's trial counsel was not ineffective in failing to object to the trial court's supplemental instructions to the jury?

(Cert. Petition, p. 3).

The State made its return to the petition on April 13, 2006. The Supreme Court of South Carolina transferred the case to the South Carolina Court of Appeal on August 22, 2006. The South Carolina Court of Appeals denied the petition on September 24, 2007, and issued the remittitur on October 10, 2007.

## II. HABEAS ALLEGATIONS

Petitioner raises the following Ground in his *pro se* Petition for Writ of Habeas Corpus, quoted verbatim:

Ground one:	Denial of due process of the law under the United States

|  |  |
|---|---|
|  | Constitution Fourteenth Amendment. |
| Supporting facts: | Prejudicial & illegal "Supplemental Jury charge Instruction" |
| Ground two: | Directed verdict should have been granted, it was a denial of due process of law not to grant it. And SCRE 601 should have stoped [sic] the young witness from being able to testify. |
| Supporting facts: | There was no competent evidence a crime took place [and] the State failed to present material evidence of a crime of the nature they indicted petitioner on. |
| Ground three: | Denial of due process of law & failure of the State to prove exactly what its Grand Jury alleged a certain time these crimes happen in. |
| Supporting facts: | The State's indictment alleged it would prove that Petitioner (David Silva) did in Oconee County between October 1, 1997 and December 31, 1997 comit [sic] this or these crimes. |

(Habeas Petition, Doc. #5, p. 3-6).

### III. SUMMARY JUDGMENT

On April 8, 2009, the Respondent filed a return and memorandum of law in support of his motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and <u>Celotex v. Catrett</u>, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. <u>See</u> Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the <u>Celotex</u> case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. <u>Celotex</u>, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since Silva filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. <u>Lindh v. Murphy</u>, 117 S. Ct. 2059 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir. 1998); <u>Green v. French</u>, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted

> in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V. DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA.

7

(Respondent's Memorandum).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

pertinent judgment or claim is pending shall not be counted toward
any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner was convicted on March 25, 1999. Petitioner filed a direct appeal which was dismissed by the South Carolina court of Appeals on May 23, 2001. Petitioner did not seek certiorari review in the state supreme court. The South Carolina Court of Appeals issued the remittitur on June 25, 2001. His conviction became final when the Remittitur was returned on June 25, 2001. *Se*e Rand v. Padula, 2009 WL 301918 (D.S.C. February 5, 2009) *citing* Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)(conviction becomes final and AEDPA statute of limitations begins to run when the period for seeking discretionary review from a decision of the state's intermediate appellate court to state's highest court ends.) Further, Petitioner is not entitled to the ninety (90) day period for seeking such review in the United Sates Supreme Court. See Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079 (2007). Thus, the limitations period began to run on June 26, 2001. Petitioner filed his first PCR application on August 3, 2001. Thirty-eight (38) days of non-tolled time passed between the conclusion of direct review and the filing of the PCR application. The period of limitations for filing his federal habeas corpus action was tolled during the pendency of the PCR. The South Carolina Court of Appeals denied the petition and issued the remittitur on October 10, 2007. Petitioner filed this habeas petition on November 6, 2008, with a Houston v. Lack, 487 U.S. 266 (1988), delivery date of October 31, 2008.³ However, even using the date of October 31, 2008, the time is outside the limitations period. Thirty-eight days of non-tolled time had already lapsed between the conclusion of direct appeal and the filing of the PCR action. The PCR action concluded when the remittitur was issued on October

---

³ Date it was stamped as being received in the "P.C.I. Mailroom." See envelope, doc. #5-1).

10, 2007, but Petitioner did not file this action until October 31, 2008. Therefore, it is recommended that Respondent's motion for summary judgment be granted and the petition dismissed as time barred.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

Petitioner has not presented evidence to warrant equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would

> loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

As stated, Petitioner has not filed a response to the motion for summary judgment. However, a review of the petition reveals that Petitioner asserts that his petition is timely stating "Petitioner's Petition for Writ of Certiorari was denied on September 24, 2007. All filings have been timely and pursuant to United States Supreme Court Rule 13–I believe I am given 90 days to appeal to the U.S. Sp. Ct. before the federal clock starts." (Petition, p. 11). This is incorrect. The United States

11

Supreme Court has ruled that the time for seeking certiorari after an appeal in a state collateral action does not toll the federal time limit under the statute. See Lawrence v. Florida, 549 U.S. 327, 337 (2007)(The application for state postconviction review is therefore not "pending" after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari). Based on the fact that Petitioner has not shown any extraordinary circumstances to warrant equitable tolling, the petition is barred by the statute of limitations.

## VI.  CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #24) be GRANTED, and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 23, 2009
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**